# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ERIC C. ELLIS, SR.** (K-99019), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 1975 |
| | ) | |
| **TOM DART**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

On February 4, 2016 the Clerk's Office received a 42 U.S.C. § 1983 ("Section 1983")

Complaint filed by Eric Ellis ("Ellis") against Cook County Sheriff Tom Dart, submitted pro se

by Ellis on the form provided by the Clerk's Office for use by persons in custody.  Ellis

accompanied the Complaint with two other documents prepared on Clerk's-Office-supplied

forms:  an In Forma Pauperis Application ("Application") and a Motion for Attorney

Representation ("Motion").

But because there was more than a three-week gap between the date on which Ellis had

signed the Application and Complaint and their date of receipt in the Clerk's Office, this Court's

inability to determine the date of "filing" of the Complaint,[1] needed for calculation of the special

in forma pauperis ("IFP") status established by 28 U.S.C. §1915[2] for prisoner litigation, caused it

to issue a brief March 9 memorandum order sua sponte-- an order that granted the Application

---

[1]  For prisoner lawsuits the "filing" date is determined in accordance with the "mailbox rule" (see <u>Houston v. Lack</u>, 487 U.S. 266 (1988)) -- -- the date on which Ellis either mailed the Complaint himself or delivered it to prison authorities for mailing.

[2]  All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

and directed Ellis to explain that gap.[3]  On March 28 the Clerk's Office received a handwritten

note from Ellis (Dkt. No. 8) that provided the requested explanation.[4]  On the basis of that

explanation, Ellis had not been in custody for the entire six-month period referred to in

Section 1915(a)(2) -- instead the custodial period had run from September 25, 2015 to

January 31, 2016, a 4-1/6 month period.  According to the printouts of transactions in his trust

fund account at the County Jail (in part provided as an attachment to the Application and in part

obtained in response to a request made by one of this District Court's staff attorneys for prisoner

litigation to the fiscal official at the County Jail), the average monthly deposits to that account

during that period (see Section 1915(b)(1)(A)) amounted to $189.60, 20% of which (id.) is

$37.92.

Accordingly Ellis is assessed an initial partial filing fee of $37.92 plus 20% of any

deposits to his account after February 1 at either Stateville or Illinois River Correctional Center

("Illinois River," the location listed as his address in the Civil Cover Sheet that accompanied his

Complaint).  In payment of that assessment, the Illinois River trust fund officer is ordered to

collect that amount from Ellis' trust fund account there and to pay it directly to the Clerk of Court

("Clerk"):

---

[3]  It was clear from the portion of the trust fund account information submitted by Ellis, as called for by Section 1915(a)(2), that he could not pay the full filing fee in advance, so that the installment payment arrangement provided for in Section 1915(b) would apply.

[4]  Ellis clearly got his dates wrong (he wrote that he had been shipped out from the County Jail to Stateville Correctional Center ("Stateville") on February 15), even though (as already stated earlier) his papers had been received in the Clerk's Office on February 4.  But his statement as to the facts regarding his transfer to Stateville and regarding his then having sent the papers out to this District Court about a week after that transfer are plausible and will be credited, so that January 31, 2016 will be treated as this lawsuit's "filing" date.

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention:  Fiscal Department.

After such payment the trust fund officer at Illinois River (or at any other correctional facility where Ellis may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Ellis' name and the 16 C 1975 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Illinois River trust fund officer.

This Court can now turn (at last) to Ellis' actual lawsuit.  Because it asserts a claim of deliberate indifference by other County Jail personnel (and not Sheriff Dart) to a serious medical need that is facially actionable under Estelle v. Gamble, 429 U.S. 97 (1976) and its progeny, Sheriff Dart is obviously not a proper target for Ellis' claim.  But instead of sending Ellis back to the drawing board to discover the identity of the proper defendant or defendants (an extraordinarily difficult task for a prisoner, particularly one who is no longer at the institution where the asserted violation occurred), and because Ellis has properly identified efforts that he has made to obtain counsel on his own, this Court grants the Motion as well and has obtained the name of this member of the trial bar to represent Ellis in this litigation:

Jonathan B. Gilbert, Esq.
11459 Burton Drive
Westchester, Illinois 60154
312- 699-7388
Email: alexliam88@gmail.com.

To sum up the effect of this memorandum order's rulings on the case docket:

1. Dkt. No. 3 (the Application) is granted.

2. Dkt. No. 4 (the Motion) is also granted.

All that now remains is to provide for implementation of this memorandum order.

Finally, this Court establishes a next status hearing date of 9 a.m. June 1, 2016. In the interim attorney Gilbert is ordered to confer with Ellis.[5] Attorney Gilbert should direct his efforts toward the filing of an Amended Complaint that targets the proper defendant or defendants and that replaces Ellis' Statement of Claim (Complaint ¶ IV) with a lawyer-drafted version.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 1, 2016

---

[5] If at all possible, arrangements should be made for that to be done telephonically rather than requiring counsel to travel to the prison facility. If attorney Gilbert has difficulty in making such an arrangement, he and the lawyer assigned to represent Sheriff Dart (as the only currently-named defendant) should advise the authorities that this Court has issued such a directive.